WILL OF WILCOX: WILCOX and another, Appellants, vs. PENGELLY and others, Respondents.

*April 5—May 1, 1934.*

For the appellants there was a brief by *Hill, Beckwith & Harrington* of Madison, and oral argument by *John T. Harrington.*

For the respondents Elizabeth Pengelly, Jenny Griffith, and W. C. Hosking there was a brief by *Fiedler, Jackson & Boardman* of Mineral Point, and oral argument by *N. S. Boardman.*

*Platt Whitman* of Highland, for the respondent John M. Reese.

WICKHEM, J.    Testatrix executed a will in January, 1930; a second will February 26, 1930, and a third will November 21, 1930.  Objections to the will of November 21st were made upon the grounds that testatrix was mentally incompetent, and that the execution of the instrument was secured by undue influence.   The trial court found against the contestants upon all these issues after a lengthy trial, during the course of which the mental state of the testatrix during the entire period covered by the three wills was disclosed, as well as the circumstances under which each will was executed.   So far as the questions of mental competency and undue influence are concerned, the issues are solely of fact and no useful judicial service will be performed by a review of the evidence, which occupies six hundred pages of the record.   Suffice to say that we do not consider the findings of the trial court to be contrary to the great weight and clear preponderance of the evidence.  Were this the only issue here presented, there would be no occasion for an opinion.

However, appellants' contention that the will of November 21st was not properly executed, presents an issue of law to which an opinion may usefully be addressed.

At the time of the execution of this will testatrix was aged and infirm, and had suffered a stroke of paralysis.  She was physically unable to write her signature or, unaided, even to make her mark.   There is no evidence of an express request that the scrivener make this mark for her.   Sec. 238.06, Stats., provides:

"No will made  .  .  .   shall be effectual to pass any estate  .  .  .  unless it be  .  .  .   signed by the testator or by some person in his presence and by his express direction.  .  .  ."

It is clear that the statute is not satisfied by anything short of an express direction. It is in evidence, however, that while the scrivener made the mark for her, testatrix touched the pen while this mark was being made. It is earnestly and ably contended that the touching of the pen does not constitute the making of the mark by the testatrix, and that since there was no express direction to the scrivener or to any one else to make the mark for testatrix, the execution does not satisfy the statutory requirements. Since there was no express direction to the scrivener to make the mark, the question is whether the touching of the pen by testatrix, as the scrivener made the mark, was a sufficient participation in the act to warrant a holding that the mark was that of the testatrix and not the scrivener. In *Will of Grant,* 149 Wis. 330, 135 N. W. 833, it was said:

"It is the common and usual practice for the scrivener to make the mark, the party merely touching the pen while it is being made."

The implication is that this is a sufficient satisfaction of the statutory requirements. It is our conclusion that such an execution satisfies the statute; that such a participation in the making of the mark, makes the act that of the testatrix. It furnished objective evidence of assent, and doubtless represented as much participation in the act as testatrix was physically capable of.

*By the Court.*—Judgment affirmed.